**Sol O. SCHLESINGER, t/a Ideal Uniform Cap Company, Appellant,**

v.

**Thomas S. GATES, Jr., Secretary of the Navy, Appellee.**

No. 13483.

United States Court of Appeals District of Columbia Circuit.

Argued April 23, 1957.

Decided Sept. 26, 1957.

Mr. Burton R. Thorman, Washington, D. C., for appellant.

Mr. Marcus A. Rowden, Washington, D. C., a member of the bar of the Supreme Court of Michigan, pro hac vice, by special leave of Court, with whom Asst. Atty. Gen., George C. Doub, Messrs. Oliver Gasch, U. S. Atty., and Melvin Richter, Attorney, Department of Justice, were on the brief, for appellee. Mr. Lewis Carroll, Asst. U. S. Atty., also entered an appearance for appellee.

Before PRETTYMAN, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

This is an appeal from a summary judgment granted appellee on appellant's suit for a declaratory judgment. Appellant sued to compel the appellee Secretary of the Navy to terminate appellant's allegedly illegal listing and debarment from obtaining Navy contracts and to expunge from the records any manifestation of such adverse action by the Navy.

The debarment notice, dated August 10, 1955, stated two unrelated grounds for the action: (1) appellant's refusal to answer questions and to produce his business records when testifying before a Senate subcommittee investigating armed services' procurement practices and Schlesinger's performance of his contracts; and (2) appellant's default under an existing contract with the Navy Department. Appellant had been notified on July 1, 1955, that his contract was terminated for default in performance and his appeal therefrom was subsequently denied by the Armed Services Board of Contract Appeals.[1] The record indicates appellant protested the debarment to the Comptroller General and had several conferences with Navy Department officials, at which time he presented information to show why the debarment should be lifted.

Appellant contends the Secretary lacked statutory and regulatory authority to debar him for the stated causes; that the debarment was arbitrary and capricious since it was issued during the course of appellant's administrative appeal from the contract termination order; that the debarment was procedurally defective under applicable administrative provisions; and that a debarment without a hearing deprived him of due process and constituted cruel and inhuman punishment.

The Secretary urges that appellant as a contractor or prospective contractor has no standing to contest the debarment and, in any case, that the debarment was in accordance with the Armed Services Procurement Act and pertinent regulations. We will assume for present purposes, without so deciding, that appellant has standing to maintain this suit. The Secretary of the Navy is authorized to debar contractors for breach of contract under the Armed Services Procurement Act,[2] and implementing regulations.[3] We need not go beyond the statute and regulations to sustain the debarment in the instant case on the grounds of appellant's default in performance.[4]

1. This decision was dated October 31, 1955. Appellant subsequently petitioned the Court of Claims, which action is still pending.

2. 62 Stat. 21 (1948), 41 U.S.C. § 151 et seq. (1952). See especially 41 U.S.C. § 152(b), providing that contract awards are to be made to "responsible bidder[s]."

3. See Armed Services Procurement Regulations § 1.604(b) (2), 32 C.F.R. 1.604–1 (b) (2).

4. Absent a regulation or contract provision making refusal to furnish information and records about the performance of a government contract a basis for termination and debarment it is not clear whether refusal to furnish records to a

The regulations also provide that "The notice [of debarment] shall \* \* \* afford the contractor a reasonable opportunity to present information for consideration in his behalf."[5] The record discloses substantial compliance with this requirement. Appellant had several conferences and interviews with Navy Department officials on which occasions the debarment and justification therefor were considered and appellant was afforded an opportunity to present evidence. It follows that the District Court correctly granted summary judgment to the appellee, and the order of the District Court is therefore

Affirmed.

Mr. Howard J. McGrath, Washington, D. C., with whom Messrs. Dorsey K. Offutt and James F. Bird, Washington, D. C., were on the brief, for appellant.

Mr. Albert F. Beasley, Washington, D. C., for appellees.

Before EDGERTON, Chief Judge, and WASHINGTON and BURGER, Circuit Judges.

Congressional Committee could lead to debarment. We need not and do not reach this question.

5. Armed Services Procurement Regulations § 1.604–3, 32 C.F.R. 1.604–3. The effect of the regulation is that it calls for a notice to the contractor affording him an opportunity to be heard and invokes temporary debarment pending that hearing; a favorable decision lifts the temporary debarment.