HORNE BROTHERS, INC.

v.

Melvin R. LAIRD, Secretary, Department of Defense, et al., Appellants.

No. 72–1392.

United States Court of Appeals, District of Columbia Circuit.

Argued May 8, 1972.

Decided May 17, 1972.

Messrs. Robert E. Kopp, Atty., Dept. of Justice, and Joseph M. Hannon, Asst. U. S. Atty., with whom Mr. Walter H. Fleischer, Atty., Dept. of Justice, was on the motion, for appellants. Messrs. Harold H. Titus, Jr., U. S. Atty., John A. Terry and Robert M. Werdig, Jr., Asst. U. S. Attys., also entered appearances for appellants.

Mr. Robert H. Turtle, Washington, D. C., for appellee.

Before LEVENTHAL, ROBINSON and WILKEY, Circuit Judges.

LEVENTHAL, Circuit Judge:

The appellee, Horne Brothers, Inc.,[1] was suspended in December, 1971, as a bidder on Department of Defense contracts. Soon thereafter Horne brought an action alleging that the Secretaries of Defense and Navy had acted in violation of law by issuing the suspension and by refusing to award to Horne a repair contract on the naval vessel U.S.S. *Francis Marion*. The District Court, 342 F.Supp. 703, issued to a preliminary injunction which directed the defendants[2] to order the cessation of performance by another of work on the contract.[3] On motion of the Government, this court stayed the injunction so as to give the Government a meaningful opportunity to appear before this Court, and continued the stay pending the determination of its motion. We find Horne's particular case is such that it is not likely to prevail on the merits and reverse the injunction as granted. However, we make clear that we agree with the premise of the District Court that there are serious and fundamental questions regarding the fairness of procedures utilized by the Government in suspending contractors. We bring this out in order to avoid misunderstanding, and

---

1. Hereinafter referred to as Horne.

2. Hereinafter referred to as the Government.

3. The Government moved to vacate the injunction on the ground that a Grand Jury in the Eastern District of Virginia had returned an indictment against Horne alleging unlawful actions connected with prior Government contracts. The District Court denied the motion.

because it may affect further orders in the lawsuit.

While the matter is before us as a preliminary injunction, and focuses on the probability of success on the merits, the parties agree that the legal issues are ripe for resolution if the court does not require further briefs.

We respond by outlining the state of our thinking on the legal issues, while reserving the possibility of modifying our conclusions on the basis of supplementary submissions.

### A.

We begin by saying that we agree with the trial court's thoughtful analysis of the problems presented by the suspension procedures authorized under Armed Services Procurement Regulations (hereinafter ASPR). ASPR provide that the Secretary of Defense may suspend a bidder, upon a finding of adequate evidence of improper or unlawful activities,[4] from participating in Government contract awards.[5]

■ This procedure does not require that the suspended contractor be offered an opportunity to confront his accusers and to rebut the "adequate evidence" against him. Yet the suspension may be continued for eighteen months or more.[6] While we may accept a temporary suspension for a short period, not to exceed one month, without any provision for according such opportunity to the contractor, that cannot be sustained for a protracted suspension. As we pointed out

---

4. The Secretary or his authorized representative (see § 1.600(b)) may, in the interest of the Government, suspend a firm or individual:

(a) Suspected, upon adequate evidence, of—

(1) Commission of fraud or a criminal offense as an incident to obtaining, attempting to obtain, or in the performance of a public contract;

(2) Violation of the Federal antitrust statutes arising out of the submission of bids and proposals; or

(3) Commission of embezzlement, theft, forgery, bribery, falsification or destruction of records, receiving stolen property, or any other offense indicating a lack of business integrity or business honesty, which seriously and directly affects the question of present responsibility as a Government contractor; or

(b) For other cause of such serious and compelling nature, affecting responsibility as a Government contractor, as may be determined by the Secretary of the Department concerned to justify suspension.

Suspension of a firm or individual by the Secretary or his authorized representative shall operate to suspend such firm or individual throughout the Department of Defense.

ASPR § 1.605–1

5. ASPR § 1.605 provides in part:

Suspension of a contractor, bidder or offeror is a drastic action which must be based upon adequate evidence rather than mere accusation. In assessing adequate evidence, consideration should be given to how much credible information is available, its reasonableness in view of surrounding circumstances, corroboration or lack thereof as to important allegations, and inferences which may be drawn from the existence or absence of affirmative facts. This assessment should include an examination of basic documents such as contracts, inspection reports, and correspondence.

6. ASPR § 1.605–2 provides in pertinent part:

(a) *Period of Suspension.* All suspensions shall be for a temporary period pending the completion of investigation and such legal proceedings as may ensue. In the event prosecutive action is not initiated by the Department of Justice within 12 months from the date of the notice of suspension, the suspension shall be terminated unless an Assistant Attorney General requests continuance of the suspension. If such a request is received, the suspension may be continued for an additional six months. Notice of the proposed removal of the suspension shall be given to the Department of Justice 30 days prior to the expiration of the 12 month period. In no event will a suspension continue beyond 18 months unless prosecutive action has been initiated within that period. When prosecutive action is initiated, the suspension may continue until the legal proceedings are completed. Upon removal of a suspension, consideration may be given to debarment in accordance with § 1.604.

in Gonzalez v. Freeman, 118 U.S.App.D. C. 180, 188, 334 F.2d 570, 578 (1964):

> On this record there is neither the appearance nor the reality of fairness in the process by which debarment of appellants was accomplished. Disqualification from bidding or contracting for five years directs the power and prestige of government at a particular person and, as we have shown, may have a serious economic impact on that person. Such debarment cannot be left to administrative improvisation on a case-by-case basis. The governmental power must be exercised in accordance with accepted basic legal norms. Considerations of basic fairness require administrative regulations establishing standards for debarment and procedures which will include notice of specific charges, opportunity to present evidence and to cross-examine adverse witnesses, all culminating in administrative findings and conclusions based upon the record so made.

The Government's regulations draw a distinction between "debarment," which is concededly governed by *Gonzalez*, and "suspension." The debarment procedure provides for "a notice to the contractor affording him an opportunity to be heard and invokes temporary debarment pending that hearing; a favorable decision lifts the temporary debarment." [7]

■ While *Gonzalez* related to a five year disqualification, we think an action that "suspends" a contractor and contemplates that he may dangle in suspension for a period of one year or more, is such as to require the Government to insure fundamental fairness to the contractor whose economic life may depend on his ability to bid on government contracts. That fairness requires that the bidder be given specific notice as to at least some charges alleged against him, and be given, in the usual case, an opportunity to rebut those charges.

### B.

Our remarks should not be taken to mean that in every suspension action the Government must offer the contractor a proceeding within one month of his suspension. There may be reasons why the Government should not be required to show any of its evidence to the contractor, particularly reasons of national security, or, more likely, the concern that such a proceeding may prejudice a prosecutorial action against the contractor. [8] The Government may also be concerned that a suspended contractor may seek a proceeding not so much to obtain reinstatement as a bidder, but in order to obtain a discovery not generally provided to criminal defendants.

■ A question of judgment is involved, but we note that no contractor may be suspended under the regulations unless there is "adequate evidence" of a dereliction. This can ordinarily be demonstrated without either tipping the Government's entire case, or even prematurely disclosing the identity of key witnesses. The "adequate evidence" showing need not be the kind necessary for a successful criminal prosecution or a formal debarment. The matter may be likened to the probable cause necessary for an arrest, a search warrant, or a preliminary hearing. This is less than must be shown at the trial, but it must be more than uncorroborated suspicion or accusation.

■ A useful analogy may be drawn from the solution evolved where related civil and criminal litigations are pending at the same time. Sound administration may dictate that the civil action not be blocked entirely, but be subject to a limitation, *e. g.*, protective orders, to avoid harm to the public interest. United

---

7. Schlesinger v. Gates, 101 U.S.App.D.C. 355, 357 n. 5, 249 F.2d 111, 113 n. 5 (1957).

8. We do not discuss what the rights of a suspended contractor are in the usual post indictment situation. Though Horne has been indicted subsesquent to its suspension, the contracts in question arose in the period prior to the indictment.

States v. Kordel, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970); Dellinger v. Mitchell, 143 U.S.App.D.C. 60, 65, 442 F.2d 782, 787 (1971); Gordon v. F. D. I. C., 138 U.S.App.D.C. 308, 427 F.2d 578 (1970). While the Government traditionally defers pressing any civil damage action pending the criminal proceeding, the situation would be different if it were seeking interim relief, say, a preliminary injunction. This could not be issued pending the criminal action without some showing of possibility of success on the merits. While the initial thrust of a suspension may be likened to an ex parte temporary restraining order, the continuance of the suspension beyond a thirty day period is more fairly likened to a preliminary injunction after notice, maintainable only on the showing of adequate evidence that is not self-determined.

■ There may be circumstances where substantial Government interests would be prejudiced even by a disclosure of enough facts to show "adequate evidence" for the suspension. In that event, however, the Government may not simply ignore the interests of the contractor. Rather, an appropriate official of the Government, one vested with sufficient discretionary power, must make a formal determination that significant injury would result if a hearing were to be held. The contractor's protection would lie in a deliberated determination by an official with discretion, and he would not be consigned to the juggernaut of rules as they now stand, which do not even make room for the possibility of a legitimate interest in an opportunity for the contractor to be heard. Moreover, there remains the possibility of a court action challenging as arbitrary the determination to deny the proceeding. A court concerned with a real possibility of abuse of discretion—i. e. of a suspension made without "adequate evidence" against the contractor—would have latitude to consider the problem without courting injury to the Government's legitimate interests, by inspection in camera of at least some of the evidence held by the Government.[9]

■ As to the specific case of Horne and the U.S.S. *Francis Marion* contract, however, it was only three weeks after Horne was placed in a suspended status, on December 14, that its bid for the repair contract was rejected by the Department of Navy. In our view, under any proper procedural scheme the Government should be permitted a reasonable time, after it has notified a suspended bidder of his suspension status, before it must conduct a proceeding attended by the contractor and his representatives, to provide an opportunity to offer evidence to rebut charges and confront accusers, in short, to demonstrate the lack of adequate evidence to warrant suspension.

■ During this interim period, not to exceed one month, the Government could make arrangements for the proceeding and also solidify its position by further preparation of its case; presumably the time would be used to check records and documents, examine additional witnesses, etc. Since Horne's bid was turned down by the Navy within a month of its suspension we do not find any error in that action even though no opportunity had been accorded Horne at that time.

We reverse the District Court's order and remand the case with directions to vacate the preliminary injunction in regard to the contract for repairs on the U.S.S. *Francis Marion*. We make no findings as to the validity of a continuation of Horne's suspension, after the one

9. Cf. Committee for Nuclear Responsibility, et al. v. Seaborg, 149 U.S.App.D.C. ——, 463 F.2d 788 (1971); Xydas v. United States, 144 U.S.App.D.C. 184, 189, 445 F.2d 660, 665 (1971), cert. denied 404 U.S. 826, 92 S.Ct. 57, 30 L.Ed.2d 54 (1971); United States v. Bland, 432 F.2d 96 (5th Cir. 1970), cert. denied 401 U.S. 912, 91 S.Ct. 877, 27 L.Ed.2d 810 (1971); Williams v. United States, 117 U.S.App.D.C. 206, 209, 328 F.2d 178, 181 (1963).

month period, while denying Horne an opportunity to be heard.[10]

Reversed and remanded for further proceedings not inconsistent with this opinion.

10. The suspension of Horne has lasted for over 5 months. During this time, Horne's bids on numerous additional Government contracts have been rejected because of its suspended status. The District Court is not without power to fashion relief for Horne as to matters arising subsequent to (a) the one month period following the suspension notice, and (b) the denial of Horne's request for an opportunity to be heard.