**ADAMO WRECKING COMPANY et al., Plaintiffs,**

v.

**DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al., Defendants.**

**Civ. A. No. 76–0648.**

United States District Court, District of Columbia.

April 22, 1976.

878

Timothy M. Biddle, Washington, D. C., for plaintiffs.

Karen I. Ward, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

GESELL, District Judge.

This matter originally came before the Court on April 19, 1976, on plaintiffs' application for a temporary restraining order. The application for a temporary restraining order was denied by fiat and, with the consent of counsel, plaintiffs' request for a preliminary injunction was promptly scheduled for oral argument on April 20. The record reveals the following pertinent facts.

Plaintiff Adamo Wrecking Company (Adamo) is a demolition contractor with its principal place of business in Detroit, Michigan. A substantial part of its business consists of contracts on wrecking projects financed at least in part by the defendant Department of Housing and Urban Development (HUD). By letter dated May 27, 1975, Adamo was officially notified that, because of its alleged use of debris and/or decomposable material as fill in violation of the demolition contracts, it was suspended from further participation as a contractor or grantee in any program in which HUD had an interest.*

On June 5, 1975, Adamo requested a hearing pursuant to 24 C.F.R. § 24.10. It also sought to obtain various documents and particularization from HUD. Despite its timely request, Adamo never pressed for a hearing, and in fact was involved in continuing discussions with HUD in an effort to reach a non-adjudicative settlement of the matter. A hearing was ultimately set for early December, 1975, but then was postponed at the behest of Adamo's counsel until February 26, 1976. The proceeding occurred on that date as scheduled and the Hearing Officer's Initial Determination upholding the suspension under 24 C.F.R. § 24.12 was rendered on April 5, 1976. At plaintiffs' request this decision was promptly considered by defendant James L. Young, Assistant Secretary for Housing Management, Department of Housing and Urban Development, who affirmed the Initial Determination on April 19, 1976. Plaintiffs immediately thereafter filed the instant suit.

Although various arguments are made in their papers, plaintiffs at oral argument presented two challenges to the agency's action. They first urge that the suspension was not based on adequate grounds under HUD's regulations because the Hearing Officer's Initial Determination did not make the required findings. How-

---

* Adamo argues that the suspension actually took effect on March 24 or March 25, 1975, when it received notice that certain purchase orders were cancelled for the "convenience of the government." In light of the Court's disposition of the issues raised by the preliminary injunction, it is unnecessary to determine the operative date of the suspension.

ever, the Hearing Officer's opinion, after quoting from the applicable regulations (24 C.F.R. § 24.12(a)(2)), found on adequate evidence that the "violation of the terms of the purchase orders constitutes 'causes of such serious and compelling nature, affecting responsibility'" as therein defined and demonstrated at least implicitly that suspension under the facts of the case was in the best interests of HUD. Moreover, this determination was sustained by the Assistant Secretary, a high-ranking official who must be presumed, absent a contrary indication in the record, to be acting in the best interests of the Department. The suspension is not faulty in this regard.

Plaintiffs also attack the length of time that the suspension has been in effect. In particular, they contend that a prompt hearing preliminarily to review the suspension was not afforded as required by *Horne Brothers, Inc. v. Laird*, 150 U.S.App.D.C. 177, 463 F.2d 1268 (1972). However, as the administrative record makes clear, and as orally represented to the Court by counsel for defendants and unchallenged by counsel for plaintiffs, the plaintiffs never pressed their demand for a hearing, the period between the official notice of suspension and the original date for the hearing was filled with numerous discussions and negotiations between plaintiffs and HUD, and the plaintiffs apparently sought to resolve the matter by means other than the adjudicatory process. *Horne Brothers* directs only that an opportunity to be heard be provided to the suspended party, and it neither requires the agency to force a hearing on an unwilling participant nor prevents efforts by mutual agreement to dispose of the case in an informal way. As with other similar rights, this right to a hearing can be waived, *D. H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1974), and, especially in dealing with business entities acting with the advice of counsel, such waiver may be inferred from conduct inconsistent with the desire for a prompt proceeding. The facts fully support the conclusion that this is what occurred here.

Under 24 C.F.R. § 24.13, the suspension is for "a temporary period pending the completion of an investigation and such legal proceedings as may ensue." According to HUD's construction of the regulation, the investigation includes consideration of the suspended party's arguments and contentions as established in *Horne Brothers*. This interpretation seems reasonable and proper. Thus the investigation continues through and includes the preliminary decision process on suspension. This phase ended here on April 19. Accordingly, HUD now has a reasonable time to complete its investigation and initiate such legal proceedings as may ensue. On the record now before the Court, and irrespective of the factual dispute between the parties, a reasonable time for this purpose would be until May 27, 1976.

Since plaintiffs have not demonstrated a reasonable or substantial probability of success on the merits, their application for a preliminary injunction is denied. The foregoing resolution of the legal issues appears to the Court to conclude the case, and therefore, unless plaintiffs on or before April 28 formally give notice of their intention to proceed further, this Memorandum and Order shall constitute the final denial of their prayer for a permanent injunction.

SO ORDERED.