### AMERICAN FIDELITY FIRE INSURANCE COMPANY, Plaintiff,

### v.

### Patricia HARRIS et al., Defendants.

### Civ. A. No. 78–0336.

United States District Court, District of Columbia.

May 30, 1978.

William W. Bennett, Jr., Washington, D. C., for plaintiff.

John Oliver Birch, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM

AUBREY E. ROBINSON, Jr., District Judge.

This is an action under Section 7(d) of the Department of Housing and Urban Development Act, 42 U.S.C. § 3535(d), and the Fifth Amendment of the United States Constitution, in which plaintiff challenges certain regulations of the Department of Housing and Urban Development ("HUD") and HUD's imposition of administrative sanctions against plaintiff pursuant to those regulations in connection with the administration of HUD's Property Disposition Repair Program. The matter is before the Court for judgment on the merits, and for the reasons discussed below, the Court finds that the regulations in issue herein are valid and that judgment must therefore be entered as a matter of law for defendants in this case. The Court does not reach the question whether HUD's actions against plaintiff are arbitrary, capricious or otherwise unlawful, because of plaintiff's failure to exhaust its administrative remedies.

In July 1974, HUD entered a contract with the Quality Construction Company ("Quality"), whereby Quality agreed to install three new roofs at the Clifton Terrace Apartments in Washington, D. C. property then owned by the Government. In September 1974, plaintiff executed a performance bond for Quality, serving as surety for the work. Quality completed the roofing job and HUD made final payment on the contract in early 1975. In September 1975, a severe rainstorm damaged the roofs which Quality had installed. HUD complained that Quality's work had been defective and insisted that Quality repair the damage pursuant to the contract's guaranty clause. Quality performed the repairs under protest. HUD was unsatisfied with these repairs and defaulted Quality. HUD then demanded that plaintiff complete the repairs under the terms of the performance bond. Plaintiff refused to correct the alleged deficiencies on the roofs, claiming *inter alia*, that the damage which occurred was outside the scope of the guaranty clause of the contract,[1] and filed the instant lawsuit seeking to forestall the imposition of any sanctions because of its refusal to do the work which HUD demanded.

On March 10, 1978, the Acting Area Director of HUD's property disposition program issued an order under 24 CFR § 24.-18(a)[2] temporarily denying plaintiff partici-

---

1. The issue of American Fidelity Fire Insurance Company's obligations to HUD and other issues concerning the controversy surrounding the damaged roofs at the Clifton Terrace Apartments are being litigated in a related lawsuit, *Cooper v. P. I. Properties, Inc., et al.*, Civil Action No. 77–1761 (D.D.C. October 6, 1977).

2. 24 CFR § 24.18 provides, in pertinent part:
   (a) Causes and conditions under which a temporary denial of participation may be invoked.

   (1) An Area Director . . . may issue an order which denies the participation in Department programs of a contractor or grantee.
   (2) Causes for denial of participation shall include . . .
   (ii) Adequate evidence of irregularities in contractor's or grantee's past performance in a Department program . . .

pation in the property disposition program in the Washington, D. C. area, because of "evidence of irregularities" with respect to plaintiff's conduct in connection with the Clifton Terrace Apartments roofing repairs. Plaintiff subsequently amended its complaint in light of the temporary exclusion and moved for a temporary restraining order seeking to rescind the sanctions imposed against it. On March 22, 1978, this Court denied plaintiff's application for emergency relief, and established a briefing schedule herein. Plaintiff then requested and received from the agency, on April 17, 1978, an informal hearing with regard to its program exclusion. On April 26, 1978, the Acting Director for HUD's Washington, D. C. area office affirmed the temporary denial order of March 10, 1978, and noted plaintiff's rights of agency appeal pursuant to 24 CFR § 24.18(a)(5)(iv) and § 24.7(b). No appeal has been filed or determined.

■ Plaintiff attacks HUD's administrative sanctions regulations, 24 CFR § 24.0, *et seq.*, on a number of grounds. Plaintiff claims that the language of "irregularities" contained in 24 CFR § 24.18 is impermissibly vague; that temporary denial of program participation without prior hearing is violative of due process of the law; and that the delegation to low level HUD officials of the power to suspend participants from HUD programs is unlawful. The Court rejects these contentions. The Court is satisfied that the administrative sanctions regulations at issue in this case are within the authority of the Secretary under 42 U.S.C. § 3535(d), and are adequately precise and provide sufficient procedural safeguards to protect plaintiff's rights under the Constitution. See *Adamo Wrecking Co. v. Department of Housing and Urban Development*, 414 F.Supp. 877 (D.D.C.1976); *Horne Brothers v. Laird*, 150 U.S.App.D.C. 177, 463 F.2d 1268 (1972); *Gonzalez v. Freeman*, 118 U.S.App.D.C. 180, 334 F.2d 570 (1964).

■ Nor is the Court persuaded that 24 CFR § 24.18 is inapplicable to a performance bond surety such as plaintiff in this suit. The plain language of 24 CFR § 24.-4(f) includes within the ambit of the sanctions provisions those entities in a business relationship with HUD funds recipients. Plaintiff's relationship with Quality Construction Company with respect to the Clifton Terrace Apartments roofing contract is enough to bring plaintiff within the scope of the administrative sanctions regulations.

■ One issue remains: whether HUD's finding the refusal to correct the repairs on the Clifton Terrace roofs to be an "irregularity" sufficient to justify temporary denial of participation in the property disposition program is arbitrary, capricious or otherwise unlawful. With respect to this issue, however, the Court finds that plaintiff has failed to exhaust its administrative remedies. The administrative sanctions regulations set out certain administrative appeal rights and plaintiff has not yet completed the administrative appeal process. This is not a case where recourse to the administrative remedies would be inadequate or futile or of no benefit to meaningful judicial review. The Court concludes that the question of arbitrariness of HUD's classification of plaintiff's conduct as an "irregularity" within the ambit of 24 CFR § 24.18 is not yet ripe for review. See *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 51, 58 S.Ct. 459, 82 L.Ed. 638 (1938); *Douglas v. Hampton*, 168 U.S.App.D.C. 62, 79–80, 512 F.2d 976, 988–9 (1975).

In an accompanying Order, the Court will enter judgment for defendants in accordance with this Memorandum Opinion.

### ORDER

In accordance with the Memorandum filed herewith, it is by the Court this 3rd day of May, 1978,

ORDERED, that Plaintiff's Motion for Summary Judgment be and it is hereby DENIED; and it is

FURTHER ORDERED, that judgment shall be entered for Defendants herein.