Ranbir S. SAHNI et al., Plaintiffs,

v.

DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT et al.,
Defendants.

Civ. A. No. 79–0501.

United States District Court,
District of Columbia.

March 6, 1979.

Alfred M. Goldberg, A. Fred Freedman, Washington, D. C., for plaintiffs.

Lillian A. McEwen, Asst. U. S. Atty., U. S. D. C., Washington, D. C., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

AUBREY E. ROBINSON, Jr., District Judge.

The Court hereby makes the following findings of fact and conclusions of law:

### PROCEEDINGS BEFORE THE COURT

This matter came before this Court, on plaintiffs' motion for a temporary restraining order, on February 15, 1979. The Court denied the motion. A hearing on the issues of Preliminary and Final Injunctive Relief was held on February 22, 1979. Defendant was granted permission to file additional authorities before February 26, 1979.

The Court has before it the transcript of the administrative suspension proceeding, the determination of the Administrative Law Judge in that proceeding, affidavits filed by the parties, and legal memoranda in support of their contentions.

Plaintiffs seek to compel defendants to vacate a suspension of Plaintiffs from participation in programs of the defendant Department of Housing and Urban Development ("HUD") Plaintiffs claim they have been denied due process as a result of an administrative withhold of participation in HUD programs; and a suspension from participation without adequate investigation or hearing. Plaintiffs further claim that the evidence presented at the hearing was inadequate to sustain the suspension.

Defendants contend that plaintiffs have not been effectively precluded from participating in HUD programs since February 1978 and have been suspended only since

December 1978; that the administrative law judge acted within his discretion in refusing to allow testimony on behalf of plaintiffs prior to the debarment hearing; and that the hearing fully comported with all legal requirements.

## FINDINGS OF FACT

1. Plaintiff Ranbir S. Sahni (Individual plaintiff) is engaged in real estate development and participates in numerous programs of HUD. Individual plaintiff was the sponsor of a multifamily apartment project in Fort Collins, Colorado, (Windmill Project) developed pursuant to a HUD mortgage insurance program. Individual plaintiff is now the general partner of Windmill Apartments Limited Partnership ("Owner"), which owns the Windmill Project. Individual plaintiff is president of plaintiff American Development Corp. ("ADC").

2. Plaintiff ADC is a corporation engaged in the housing service business and through its employees provided services for the sponsor and Owner in connection with the development of the Windmill Project.

3. Defendant Department of Housing and Urban Development is an agency of the United States Government.

4. Defendant Patricia R. Harris is Secretary of HUD.

5. Defendant Lawrence B. Simons is Assistant Secretary for Housing, HUD.

6. During February of 1977 the Owner initially closed a mortgage loan for the construction of the Windmill Project. HUD insured the repayment of the loan to the Mortgagee, and received certain rights from the Owner to regulate the construction and operation of the project.

7. Shortly after the initial closing of the loan, it was discovered that the independent general contractor who had contracted with the Owner to build the Windmill Project had forged the building permit. A valid building permit was a condition for the initial closing. Subsequently, in March of 1977, a valid permit was issued.

8. In November of 1977, individual plaintiff terminated the general contractor on the project for failure to comply with the terms of the construction contract, and the Owner completed the construction of the Windmill Project. The Windmill Project has been certified as complete by HUD.

9. On November 16, 1977, John T. Edres, of the Denver Insuring Office of the Department of Housing and Urban Development requested an investigation by the Regional Inspector General for Investigation. The request was based on the possibility of a fraudulent building permit having been used at the time when HUD issued the project mortgage in February 1977. The request was reviewed by the Office of the Regional Inspector General and was referred to the Federal Bureau of Investigation for further investigation.

10. In January 1978 the Multifamily Previous Participation Review Committee of the Department of HUD received an application on Form 2530 for approval of plaintiff, Ranbir S. Sahni. On February 28, 1978, the Committee determined to withhold action on Sahni's approval pending completion of the investigation and so informed him. While continuing to withhold approval of Sahni, the Committee granted approval of two of his projects on March 27, 1978, and lifted the withhold on Sahni and granted approval of all of his then pending projects on May 1, 1978. Other of Sahni's projects were approved in June and July of 1978. From September 26, 1978 until suspension on December 18, 1978, the Committee withheld Sahni's approval.

11. After receipt of the FBI report of its investigation on July 18, 1978, Benjamin Jacinto, a Construction Analyst employed by the Office of Technical Support under the Assistant Secretary for Housing, conducted an investigation. On December 18, 1978, plaintiffs were suspended by HUD. Plaintiffs requested and were granted a hearing on January 25, 1979, pursuant to 23 CFR 24.16(a)(4). The Administrative Law Judge issued his ruling and findings of fact upholding the suspension on February 7, 1979.

12. The December 1978 letter of suspension listed the following grounds:

a) that Sahni encouraged and solicited subcontractors to submit bids for work which was not in accordance with the plans and specifications.

b) That Sahni induced and encouraged the general contractor, Skrbina, to submit a fraudulent building permit for the project.

c) That through his agent Sahni submitted false and misleading documents to HUD in connection with obtaining mortgage insurance on this (Windmill) project.

All efforts by plaintiff to obtain or produce evidence to rebut these charges were effectively precluded by the Administrative Law Judge, because he "concluded that in suspension situation determination of adequate evidence questions does not require that the respondent be allowed to present countervailing evidence in order to sustain due process requirements. Adequate evidence or probable cause preclude the necessity for assessments of credibility by the hearing officer in suspension hearings. This limitation must, of course, be grounded in a substantial public interest. Here that interest is the ongoing criminal investigation."

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties and the subject matter of this action.

2. Plaintiffs have exhausted their administrative remedies in this matter.

3. The suspension hearing was procedurally inadequate under the holding of the United States Court of Appeals in *Horne Brothers, Inc. v. Laird,* 150 U.S.App. D.C. 177, 463 F.2d 1268 (D.C.Cir. 1972). Plaintiffs were not accorded "an opportunity to confront their accusers and to rebut the 'adequate evidence' against him." Plaintiffs sought to introduce relevant testimony and documents at the hearing; however, all plaintiffs' proffered evidence was excluded.

4. In the particular circumstances of this action, remand to the Administrative Law Judge for further proceedings is inappropriate.

5. 24 C.F.R. § 24.14 contemplates a maximum period of twelve (12) months for an administrative suspension under circumstances as herein presented.

6. The Previous Participation Review and Clearance withholding of action, pursuant to 24 C.F.R. § 200.214, was equivalent in effect to a suspension.

7. Plaintiffs effectively have been suspended, from matters relating to the Windmill Project, for a period exceeding twelve (12) months.

8. Therefore, any further withholding of action or suspension arising from these same factual circumstances would violate 24 C.F.R. § 24.14.