ATL, INC.

v.

**The UNITED STATES.**

No. 442–83C.

United States Claims Court.

July 12, 1983.

phan, Chartered, Washington, D.C., of counsel.

Lenore C. Garon, with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## OPINION AND ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

and

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

PHILIP R. MILLER, Judge:

On July 6, 1983, plaintiff filed a complaint in this court for a temporary restraining order, preliminary injunction, permanent injunction and declaratory judgment. The complaint alleges that the U.S. Navy in Honolulu, Hawaii, issued four invitations for bids for construction work, on each of which plaintiff was the low bidder, as set out below:

Herman M. Braude, Washington, D.C., for plaintiff; Gerson B. Kramer, Douglas L. Patin and Braude, Margulies, Sacks & Re-

| Invitation Number | Issue Date | Bid Opening Date | Amount of Plaintiff's Low Bid |
|---|---|---|---|
| (1) IFB No. N62471–81–B–1458 | Jan. 21, '83 | Mar. 2, '83 | $2,248,888 |
| (2) IFB No. N62471–81–B–1481 | Jan. 28, '83 | Mar. 2, '83 | 738,888 |
| (3) IFB No. N62471–81–B–1528 | Feb. 11, '83 | Mar. 11, '83 | 518,888 |
| (4) IFB No. N62471–80–C–1452 | Mar. 3, '83 | Apr. 22, '83 | $1,991,849 plus alternate work $57,039 |

Plaintiff alleges that each invitation required the bidder to keep his bid open for 60 days. However, the Navy requested plaintiff to extend its bids for successive periods of time and plaintiff acquiesced, so that at this time the extended bid date on the first three invitations is July 31, 1983, and on the fourth August 20, 1983.

Plaintiff complains that because Armed Services Procurement Regulations (A.S.P.R.) 32 C.F.R. § 1–905.2 (1983) generally requires that information regarding the responsibility of a prospective contractor (including pre-award surveys when deemed necessary) shall be obtained promptly after bid opening or receipt of proposals, the Navy's delay in requesting such information on all four contracts until July 1, 1983, four months after the bid opening on two of the contracts, 3½ months after the bid opening on the third and more than 2 months after the opening on the fourth, and the Navy's continuing unreasonable delay in awarding or denying the four contracts to plaintiff constitutes arbitrary and capricious conduct. It says that if the Navy has any substantial question about its responsibility with respect to any of the four proposals,

the Navy should promptly reject its bid, so that it may be referred to the Small Business Administration (SBA) for review pursuant to 15 U.S.C. § 637(b)(7) (1980), rather than hold up all four proposals for an extended period without action.

Plaintiff complains that the Navy's alleged unwarranted failure to award it the contracts promptly and delays in requesting responsibility information threaten to cause it irreparable harm, in that, as a small business: (1) its bonding capacity and ability to bid on other contracts have been severely limited by the Navy's non-action on its low bids which are already bonded; (2) its cash flow is being severely impacted; and (3) it will be denied the profits to which it is entitled as low bidder on the four contracts.

Accordingly, plaintiff requests that the court find that: (1) plaintiff submitted the lowest responsive bid to the four solicitations; and (2) the Navy violated its regulations by failing to conduct a prompt responsibility review after the opening of bids for each of the four subject solicitations, and by holding all four solicitations in abeyance pending Navy's concurrent responsibility review on all four solicitations simultaneously. For its relief, plaintiff requests that the court enjoin the Navy: (a) from conducting any further responsibility review of plaintiff for any of the four solicitations beyond July 21, 1983; (b) to make a responsibility determination with respect to plaintiff on or before July 21, 1983; and (c) in the event the Navy finds plaintiff nonresponsible with respect to any of the four solicitations, to refer the issue to SBA.

Pending final relief, plaintiff requests that the court issue a temporary restraining order or preliminary injunction enjoining the Navy from cancelling any of the four solicitations or awarding the contracts to any persons other than plaintiff, and from conducting any further responsibility review beyond July 21, 1983.

On July 7, 1983, a hearing was held on the motion for a temporary restraining order. At such hearing defendant conceded that plaintiff was low bidder on each of the four solicitations, but stated that the Navy was still in the process of determining plaintiff's responsibility for each. However, it further stated that the Navy was also contemporaneously conducting an investigation to determine whether or not to suspend or debar plaintiff from receiving any government contracts for reasons relating to its integrity.

On Friday, July 8, the court met with the attorneys for the parties (Messrs. Douglas L. Patin and Gerson B. Kramer for plaintiff, and Lenore C. Garon for defendant) and informed them orally of its decision not to issue a temporary restraining order, but to give plaintiff an opportunity to prove, if it can, its contention made at the hearing that contrary to its own regulations the Navy unduly prolonged its pre-award survey and determination of responsibility as a form of *de facto* debarment or suspension without a hearing for an indefinite period while it covertly investigated plaintiff's integrity. This opinion incorporates the substance of the court's reasoning conveyed orally to the parties on July 8.

Plaintiff's motion for a temporary restraining order is denied because there is no threat of immediate injury to plaintiff before the parties can present their evidence on the merits. This is apparent from the following:

(1) If the Navy cancels all the solicitations improperly for the purpose of preventing plaintiff from receiving the award, plaintiff will have an adequate opportunity to seek relief from this court at that time.

(2) Government counsel stated at the hearing that the Navy will abide by the law with respect to referral to the SBA if it rejects plaintiff's bid on any of the solicitations for reasons of nonresponsibility. Thus plaintiff does not require temporary protection against award to any other bidder for such reason without opportunity to obtain relief from this court.

(3) In plaintiff's motion for preliminary injunction, it indicated that it does not object to the Navy having until July 21, 1983, to complete its responsibility review, a peri-

od of 13 days from the oral decision (although plaintiff did not explain the importance of even that cut-off date). Moreover, plaintiff stated on July 8 that it will be prepared to prove its case at a trial on July 18, 1983.

(4) Although plaintiff complains that if the Navy suspends or debars it, under A.S.P.R. § 1–705.4(c)(6) the Navy may reject its bid without referral to SBA, this provides no ground for a restraining order. Since the theory of plaintiff's case is a threatened breach of an implied contract to consider plaintiff's bid fairly (*United States v. Grimberg Co. & Schlosser Co.,* 702 F.2d 1362, 1367 (Fed.Cir.1983); *Keco Co. v. United States,* 192 Ct.Cl. 773, 428 F.2d 1233 (1970); *Heyer Products v. United States,* 135 Ct.Cl. 63, 140 F.Supp. 409 (1956)), plaintiff is not free to disregard A.S.P.R. § 1–705.4(c)(6) authorizing rejection without SBA review of a low bid by a bidder who has been suspended or debarred, which is also an implied term of that contract and to which plaintiff must be deemed to have agreed. (*See Christian & Associates v. United States,* 160 Ct.Cl. 1, 11–12, 17, 312 F.2d 418, 424, 427 (1963); *Chris Berg, Inc. v. United States,* 192 Ct.Cl. 176, 182, 426 F.2d 314, 317 (1970); *Cecile Industries, Inc. v. United States,* 2 Cl.Ct. 690 (1983) (WIESE, J.).)

Even if such regulation is unreasonable because it deprives plaintiff of any opportunity for a hearing before the Navy rejects plaintiff's bid (which is not decided here), this court has no jurisdiction to so hold, since its jurisdiction in this kind of case is based solely on contract. (*United States v. Grimberg Co. & Schlosser Co., supra.*) Plaintiff is bound by the terms of its agreement even if the Navy could not impose them on plaintiff unilaterally. *See United States v. Wunderlich,* 342 U.S. 98, 72 S.Ct. 154, 96 L.Ed. 113 (1951); *United States v. Moorman,* 338 U.S. 457, 70 S.Ct. 288, 94 L.Ed. 256 (1950); *United States v. John McShain, Inc.,* 308 U.S. 512, 520, 60 S.Ct. 134, 84 L.Ed. 437 (1939).

On the other hand, as already stated, plaintiff is entitled to an opportunity to prove, if it can, that the Navy's delays in acting on the awards on its four bids is a prolonged *de facto* debarment or suspension of plaintiff by the Navy without compliance with the applicable regulations and without notice of stigmatizing charges or opportunity to respond to them. If so, it could be an unlawful and possibly unconstitutional deprivation of plaintiff's liberty or property rights, and plaintiff would be entitled to relief from such actions. *Art-Metal-USA, Inc. v. Solomon,* 473 F.Supp. 1 (D.D.C.1978); *Peter Kiewit Sons' Co. v. U.S. Army Corps of Engr's.,* 534 F.Supp. 1139 (D.D.C.1978); *Related Industries, Inc. v. United States,* 2 Cl.Ct. 517 (1983) (MILLER, J.); and *see also Old Dominion Dairy Products, Inc. v. Secretary of Defense,* 631 F.2d 953, 968–69, (D.C.Cir.1980); *Myers & Myers, Inc. v. United States Postal Service,* 527 F.2d 1252, 1258–59 (2d Cir.1975); *Horne Bros. v. Laird,* 463 F.2d 1268 (D.C.Cir.1972); and *Pan American World Airways, Inc. v. Marshall,* 439 F.Supp. 487 (S.D.N.Y.1977).

The parties have agreed that they can and will be prepared to try this case on the merits on July 18, 1983.

Wherefore, IT IS ORDERED that this case be set for trial at the National Courts Building, 717 Madison Place, N.W., Washington, D.C., beginning Monday, July 18, 1983, at 10:00 a.m. Plaintiff's applications for a preliminary injunction, permanent injunction and declaratory judgment will be consolidated for trial.