TAUNTON GARDENS COMPANY,
Plaintiffs, Appellants,

v.

Carla HILLS et al., Defendants,
Appellees.

No. 76–1558.

United States Court of Appeals,
First Circuit.

Argued March 2, 1977.

Decided May 31, 1977.

Edward T. Dangel, III, Boston, Mass., with whom Dangel & Smith, P.C., Boston, Mass., was on brief, for appellant.

Richard D. Glovsky, Asst. U.S. Atty., Boston, Mass., with whom James N. Gabriel, U.S. Atty., Boston, Mass., was on brief, for appellees.

Before COFFIN, Chief Judge, and MOORE * and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This is an appeal from the district court's order staying further proceedings pending "entry of a final judgment" in *Underwood v. Hills,* 414 F.Supp. 526 (D.D.C. 1976), and denying a preliminary injunction.

■ As to the denial of a preliminary injunction, we see no abuse of discretion in the court's conclusion that injunctive relief would be "inconsistent" with its decision to stay. It was entirely proper for the court to defer, as several other district courts have done, to the message implicit in the Supreme Court's stay of judgment in *Underwood:* i.e., that court-ordered payment of operating subsidies should be halted until the Secretary's duty under the law is clarified. Plaintiff argues that it is unfair to deny it relief while other individual claimants around the country are drawing on the limited reserve fund under preliminary or permanent court orders. HUD counters that it would be unfair to allow plaintiff to draw on this fund while the national class in *Underwood* must wait. We would be surprised if HUD's counsel were not moving to vacate the injunctions now in effect, *see, e.g., Dussault v. Hills,* Civ. No. 76–147, Order of January 3, 1977 (D.N.H.), but in any event, the balancing of the equities was for the district court. *See Automatic Radio Mfg. Corp. v. Ford Motor Co.,* 390 F.2d 113 (1st Cir. 1968).

While a stay of the type presented here is generally not an appealable final order, *see* 9 Moore's Federal Practice ¶ 110.20[4.—2] at 250, a limited review of the stay order is appropriate to determine whether it so exceeds the bounds of discretion that relief by mandamus may be justified, *see Dellinger v. Mitchell,* 143 U.S.App.D.C. 60, 442 F.2d 782, 789 (1971), and whether the preliminary injunction, premised on the stay, is

infected with a clear error of law. *Automatic Radio Mfg. Corp. v. Ford Motor Co., supra,* 390 F.2d at 115.

In its memorandum the district court expressed the view that "final judgment on the merits when entered in *Underwood* will be *res judicata* as to plaintiffs herein." However it was not persuaded by the defendant's argument that the case should therefore be dismissed without prejudice and instead ruled that "the interest of justice would be served in a more appropriate fashion" by staying the proceedings pending decision of the appeal in *Underwood.*[1]

■ Whether *Underwood* is res judicata of the present case by virtue of the landlord's "concurrent relationship to the same right" asserted by its tenants, *see* 1B Moore's Federal Practice ¶ 0.411[1] at 1255, is, we think, a difficult question. *Underwood* did not certify landlords as part of the class, but it is well settled that the court that certifies a class action "cannot predetermine the *res judicata* effect of the judgment", which can "be tested only in a subsequent action". Committee Note of 1966 to Rule 23 as Revised in 1966, 3B Moore's Federal Practice ¶ 23.01[11.—3] at 23.34. This rule has apparently only been applied, however, to narrow the scope of a class judgment if, e.g., notice or representation of class interests was inadequate. *See* Note, *Collateral Attack on the Binding Effect of Class Action Judgments,* 87 Harv.L. Rev. 589 (1974). The present case poses the novel question whether the concurrent interest theory of res judicata should operate to extend the effect of a Rule 23(b)(2) class judgment beyond the bounds of the certification order.

■ We need not, however, pass on this interesting question, since we are persuaded that the district court's order was based not on the conclusion that *Underwood* was res judicata of the present action, but rather on

---

* Of the Second Circuit, sitting by designation.

1. The district court's memorandum states that an order will be entered staying the suit "until after determination of the appeal pending before the Court of Appeals for the District of Columbia" in *Underwood.* While the order itself does not limit the stay to the pendency of the appeal, we assume the memorandum reflects the district court's meaning.

its inherent discretionary power to control its own docket. *See Landis v. North American Co.,* 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936). While the court expressed its view that *Underwood* "will be" res judicata as to the plaintiffs in this case,[2] its decision to stay rather than dismiss, and its determination that "the interest of justice" would best be served by a stay, indicate that it was exercising its discretionary power to stay.

Landis established that, as a question of power, the district court had discretion to stay this suit pending resolution of another which, "even if it should not dispose of all the questions involved, would certainly narrow the issues in the pending cas[e] and assist in the determination of the questions of law involved." 299 U.S. at 253–54, 57 S.Ct. at 165. While there is a heavy burden on the party requesting a stay to justify requiring "a litigant in one cause . . . to stand aside while a litigant in another settles the rule of law that will define the rights of both", there is also considerable discretion in the district court to weigh the competing interests. *Id.* at 255, 57 S.Ct. at 166. We think it was within the court's discretion to conclude that the government had carried its burden in this case. Like *Landis* this case presents issues of "public moment". It involves the administration of a major federal program and the disbursement of a significant amount of federal money. Finally, HUD has been called upon to litigate the same issue in more than ten district courts, and has suffered injunctions mandating payment in most of the cases, yet the one order requiring implementation of the entire program has been stayed by the Supreme Court. Under these circumstances it was within the district court's discretion to find that the public interest, the court's interest in efficient procedures, and "the interest of justice" would best be served by allowing HUD a reasonable opportunity to resolve its obligations in the national class action. We also think that the duration of the stay is adequately circumscribed by reference to the determination of the appeal presently pending. *See* n. 1, *supra. Compare Landis, supra,* 299 U.S. at 257, 57 S.Ct. 163; *Dellinger v. Mitchell, supra,* 143 U.S.App.D.C. 60, 442 F.2d at 786–87.

*Affirmed.*

---

2. The court's use of the future tense puzzles us. At the time of its order a final judgment had been entered by the district court in *Underwood,* and it is well settled that in the federal courts the pendency of an appeal does not destroy the res judicata effect of a judgment even if it has been stayed pending appeal. 1B Moore's Federal Practice ¶ 0.416[3] at 2252–53.