## CORINTHIAN POOL CORPORATION

v.

## NATIONAL NORTHEAST CORP. et al.

### No. C79–382–L.

United States District Court,
D. New Hampshire.

June 26, 1980.

David C. Engel, Exeter, N.H., for plaintiff, Corinthian Pool.

Matthias Reynolds, Manchester, N.H., for defendants, Northeast Corp. and Royce Aluminum.

ORDER ON MOTION TO STAY

LOUGHLIN, District Judge.

On December 7, 1979, National Northeast Corp. (defendant in this action), hereinafter called National brought suit against Corin-

thian Pool Corp. (plaintiff in this action), (hereinafter called Corinthian) in Lawrence, Massachusetts District Court. On December 19, 1979, Corinthian filed a complaint against National in Federal District Court for the District of New Hampshire. The Massachusetts state court action was brought by National to recover $45,532.51 in allegedly unpaid bills from Corinthian. Corinthian has filed a counterclaim in the state court which is basically the same claim alleged in this court: Corinthian claims that National sold defective merchandise to Corinthian allegedly causing loss of business and other costs and expenses.

National has moved for a stay of proceedings in federal court, so that the "first-filed" case may proceed.

Corinthian has challenged the motion to stay, charging that they will suffer irreparable harm if forced to go to trial in state court, since: 1. they are not entitled to a jury trial in Lawrence District Court; 2. their powers of discovery are curtailed by the confines of the Massachusetts boundaries; and 3. their ability to require the attendance of witnesses beyond state lines under the subpoena power available under the rules of the District Courts of Massachusetts would be non-existent.

These contentions are largely unfounded. In an affidavit filed in this court by the assistant clerk of the Essex County Superior Court, it is stated that if the case were transferred to the Superior Court, they could have a trial by jury by October 31, 1980.

Mass.Gen.Laws Anno. Ch. 231 § 104 states.

Any other party [such as this plaintiff] . . . may, provided that the amount of the claim against such other party . . . exceeds seven thousand five hundred dollars, file in the district court in which the action is pending a claim of trial by the superior court . . .

Removal of a case under this section shall remove any default and vacate any judgment entered thereon for failure to plead or otherwise defend in the district court, excepting cases in which the ad damnum does not exceed seven thousand five hundred dollars.

Plaintiff's second and third contentions are likewise without merit, since the Massachusetts Rules of Civil Procedure are very similar to the Fed. Rules of Civil Procedure, thus allowing the same discovery methods that would normally be available in this court.

Royce Aluminum Corporation is also a Massachusetts corporation and can be made a party in the Massachusetts litigation.

Reference is made to *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 879 (1st Cir. 1977).

*Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936) established that.

. . . as a question of power, the district court had discretion to stay this suit pending resolution of another which, "even if it should not dispose of all the questions involved, would certainly narrow the issues in the pending cas[e] and assist in the determination of the questions of law involved". 299 U.S. at 253–54, 57 S.Ct. at 165. While there is a heavy burden on the party requesting a stay to justify requiring "a litigant in one cause . . . to stand aside while a litigant in another settles the rule of law that will define the rights of both", there is also considerable discretion in the district court to weigh the competing interests.

In this case unlike *Taunton Gardens Co. v. Hills, supra*, with the exception of Royce Aluminum Corporation all parties are privy to both suits and the issues are practically the same. Eventually, in all likelihood, Royce Aluminum Corporation will become a litigant in Massachusetts.

*Chintala v. Diamond Reo Trucks, Inc.*, 393 F.Supp. 1392 (Eastern District, Pa.1975) succinctly at page 1393 sets out key issues which should be explored and weighed.

1. considerations of comity,
2. promotion of judicial efficiency,
3. adequacy and extent of relief available in the alternative forum,

4. identity of the parties and of the issues in both actions,

5. likelihood of prompt disposition in the alternative forum,

6. convenience of the parties, counsel, and witnesses, and

7. possible prejudice to a party as a result of the stay.

In view of all the facts presented to this court, it is the opinion and order of this court that the motion to stay be granted.

SO ORDERED.