DRC, INC., Petitioner,

v.

REPUBLIC OF HONDURAS,
Respondent.

Civil Action No. 10–0003 (PLF)

United States District Court,
District of Columbia.

Filed June 11, 2012

Kenneth B. Reisenfeld, Thomas Michael Guiffre, Patton Boggs, LLP, Washington, DC, Amer S. Pharaon, Patton Boggs LLP, Newark, NJ, for Petitioner.

Creighton R. Magid, Dorsey & Whitney LLP, Jay Christopher Johnson, Venable LLP, Washington, DC, Juan C. Basombrio, Dorsey & Whitney LLP, Costa Mesa, CA, for Respondent.

## OPINION AND ORDER

PAUL L. FRIEDMAN, United States District Judge

This matter is before the Court on the motion of petitioner, DRC, Inc., to lift the stay imposed by the Court in its March 28, 2011 Order, or, in the alternative, to order respondent, the Republic of Honduras, to provide security. The Republic of Honduras opposes DRC's motion.

After briefing on DRC's motion was complete, the United States Court of Appeals for the District of Columbia Circuit issued its decision in *Belize Social Development Ltd. v. Government of Belize* ("*BSDL*"), 668 F.3d 724 (D.C.Cir.2012). Because the court of appeals' decision in *BSDL* is directly relevant to DRC's pending motion, the Court, on its own initiative, ordered the parties to submit supplemental briefing, which now is complete. Upon consideration of the parties' papers, the relevant legal authorities, and the entire record in this case, the Court will grant DRC's motion to lift the stay, will vacate the Court's March 28, 2011 Order imposing a stay on this case in its entirety, will deny as moot DRC's alternative request for security, and will order supplemental

briefing.[1]

## I. BACKGROUND

The Court previously has described the background of this case. *See DRC, Inc. v. Republic of Honduras,* 774 F.Supp.2d 66, 67–71 (D.D.C.2011); *see also* Memorandum Op. & Order at 1–3, Jan. 17, 2012 [Dkt. No. 88]. It therefore will limit its discussion accordingly.

This is an action to enforce a foreign arbitration award rendered in the Republic of Honduras by Honduran arbitrators under Honduran law. The underlying dispute in this case arises out of a construction contract between DRC and the Fondo Hondureño de Inversión Social ("FHIS")—an instrumentality of the Republic of Honduras—under which DRC agreed to construct certain water and wastewater sub-projects in Honduras. DRC demanded arbitration with FHIS, and ultimately an arbitration award was rendered against FHIS on September 8, 2009 that required FHIS to pay DRC over $51 million. On January 5, 2010, DRC filed a petition in this Court for confirmation of that arbitration award against the Republic of Honduras.

On March 28, 2011, the Court granted the Republic's motion to stay this case and concluded that it would postpone ruling on DRC's petition in view of the pendency of a prior, parallel action brought by DRC in Honduras before the Honduran Supreme Court. *See DRC, Inc. v. Republic of Honduras,* 774 F.Supp.2d at 68. The Court therefore stayed this case in its entirety pending further order of the Court; ordered the parties to file joint status reports with the Court every 60 days; and ordered that if either side learned of additional information that would warrant lifting the stay, such information should be filed promptly with the Court. *See* Order at 1, Mar. 28, 2011 [Dkt. No. 67].

As the Court made clear in its March 28, 2011 Opinion, it stayed this case only pursuant to its authority under Article VI of the Inter–American Convention on International Commercial Arbitration ("Inter–American Convention"). *DRC, Inc. v. Republic of Honduras,* 774 F.Supp.2d at 73; *see id.* at 73 n.5 (noting that the Court "does not herein decide—and therefore reserves ruling on (should such ruling become necessary)—whether this action should also be stayed until after final adjudication of the [False Claims Act] Action

---

1. The papers reviewed in connection with the pending motion include: petitioner's motion to lift stay or, in the alternative, to order respondent to provide security ("Stay Mot.") [Dkt. No. 72]; petitioner's brief in support of motion to lift stay or, in the alternative, to order respondent to provide security ("Stay Brief") [Dkt. No. 76]; respondent's memorandum in opposition to petitioner's motion to lift stay or, in the alternative, to order respondent to provide security ("Stay Opp.") [Dkt. No. 80]; petitioner's reply brief in support of motion to lift stay or, in the alternative, to order respondent to provide security ("Stay Reply") [Dkt. No. 81]; petitioner's supplemental memorandum of law in support of its motion to lift the stay or, in the alternative, to require respondent to provide security ("DRC Supp. Brief") [Dkt. No. 92]; respondent's

supplemental memorandum in opposition to petitioner's motion to lift the stay or, in the alternative, to require respondent to provide security ("Republic Supp. Opp.") [Dkt. No. 94]; petitioner's supplemental reply memorandum in further support of its motion to lift stay or, in the alterative, to require respondent to provide security ("DRC Supp. Reply") [Dkt. No. 97]; and petitioner's notice of decision in related proceeding ("Notice") [Dkt. No. 98].

In its motion, DRC requests oral argument. *See* Stay Mot. at 1. In view of the supplemental briefing ordered by the Court and submitted by the parties, the Court has concluded that oral argument would not assist it in resolving the pending motion and therefore, in its discretion, will deny DRC's request for oral argument. *See* Loc. Civ. R. 7(f).

and the Claims Court action"). Article VI of the Inter–American Convention provides:

> If the competent authority [of the State in which, or according to the law of which, the arbitral decision has been made] has been requested to annul or suspend the arbitral decision, the authority before which such decision is invoked may, if it deems it appropriate, postpone a decision on the execution of the arbitral decision and, at the request of the party requesting execution, may also instruct the other party to provide appropriate guaranties.

INTER–AMERICAN CONVENTION, Jan. 30, 1975, S. TREATY DOC. No. 97–12 (1981), 1438 U.N.T.S. 248. As the Court stated in its March 28, 2011 Opinion, at the time of the Court's decision on the Republic's motion to stay, the United States Court of Appeals for the District of Case 1:10–cv–00003–PLF Document 100 Filed 06/11/12 Page 4 of 12 Columbia Circuit had not yet had occasion to offer much guidance on the manner in which a district court should "postpone" an action brought under the Inter–American Convention. *DRC, Inc. v. Republic of Honduras*, 774 F.Supp.2d at 73. That is no longer the case.

On January 13, 2012, the court of appeals in *BSDL* considered an appeal of a district court order staying a proceeding to confirm and enforce a foreign arbitration award pending the outcome of related litigation in Belize. *See BSDL*, 668 F.3d at 727. The court of appeals clarified the standard under which a district court has authority to stay an enforcement action and concluded in that case "that the stay order as issued exceeded the proper exercise of authority of the district court[.]"

*Id.* That decision now is the law of the D.C. Circuit.[2]

DRC argues in its supplemental briefing that *BSDL* requires that the Court lift the stay imposed in this case. *See* DRC Supp. Brief at 6. The Republic, in contrast, argues that *BSDL* actually "supports the continued stay of this action[.]" Republic Supp. Brief at 1. The Court agrees with DRC and concludes that the court of appeals' decision in *BSDL* requires that the Court lift the stay.

## II. DISCUSSION

Although the court of appeals in *BSDL* addressed a district court's authority to stay a proceeding under the Convention on Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), *see BSDL*, 628 F.3d at 727, a different arbitration convention than the one at issue before the Court in this case, it is clear that both the New York Convention and the Inter–American Convention "are intended to achieve the same results, and their key provisions adopt the same standards, phrased in the legal style appropriate for each organization." *DRC, Inc. v. Republic of Honduras*, 774 F.Supp.2d at 71 (quotations omitted); *see also International Ins. Co. v. Caja Nacional de Ahorro y Seguro*, 293 F.3d 392, 396 n. 9 (7th Cir.2002) (noting that various provisions of both conventions "are substantively identical"). The court of appeals in *BSDL* emphasized that under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201–08, a district court is afforded "little discretion in refusing or deferring enforcement of foreign arbitral awards[.]" *BSDL*, 668 F.3d at 727. "The plain terms of the FAA instruct a district court reviewing a foreign arbitral award to 'confirm the

---

2. The court of appeals in *BSDL* denied the motion of the respondent for rehearing *en banc*. *See* Order at 1, No. 10–7167 (D.C.Cir. Mar. 29, 2012). The court of appeals' mandate issued on April 30, 2012.

award unless it *finds* one of the grounds for refusal or deferral of recognition or enforcement ... specified in the ... Convention." *Id.* at 733 (quoting 9 U.S.C. § 207) (emphasis in original); *see id.* at 727 ("It is ... clear that a court may adjourn enforcement proceedings only on the grounds explicitly set forth in Article V(1)(e) of the Convention."). Therefore,

[u]nder the FAA, Article V(1)(e) and VI of the New York Convention provide the *only grounds* on which the district court may, if it considers it proper, adjourn the decision on enforcement: If an application for the setting aside or suspension of the award has been made to a competent authority ... of the country in which, or under the law of which, that award was made[.]

*BSDL,* 668 F.3d at 731 (emphasis added) (quotations omitted). As the court of appeals made explicit, absent an application "for setting aside or suspending" an arbitration award to a competent authority, there is "no basis" on which to conclude that a stay of a petition for enforcement was properly issued under the FAA and the New York Convention. *BSDL,* 668 F.3d at 731.

As for a district court's inherent authority to stay an enforcement action in the interest of judicial economy, the court of appeals stated in *BSDL* that " '[t]he applicable jurisprudence appears in *Landis v. North American Co.,* 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936).' " *BSDL,* 668 F.3d at 731 (quoting *Dellinger v. Mitchell,* 442 F.2d 782, 786 (D.C.Cir.1971)) (alteration in original).

In *Landis,* the Supreme Court instructed that a court abuses its discretion in ordering a stay "of indefinite duration in the absence of a pressing need." 299 U.S. at 255, 57 S.Ct. 163. A stay is "immoderate and hence unlawful unless so framed in its inception that its force

will be spent within reasonable limits, so far at least as they are susceptible of prevision and description," and "an order which is to continue by its terms for an immoderate stretch of time is not to be upheld as moderate because conceivably the court that made it may be persuaded at a later time to undo what it has done." *Id.* at 257, 57 S.Ct. 163. Underlying the Court's analysis was a recognition that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* at 255, 57 S.Ct. 163.

*BSDL,* 668 F.3d at 731–32 (alteration in original)

Under the court of appeals' decision in *BSDL,* the Court concludes (1) that it has no authority to stay this case under Article VI of the Inter–American Convention; and (2) that the Republic of Honduras has failed to meet its burden of justifying any pressing need in favor of a stay. Therefore, the stay in this case must be vacated.

### A. Action to Annul or Suspend the Arbitration Award

■ DRC has established that neither the Republic nor FHIS in fact filed an action in Honduras to annul or suspend the arbitration award rendered against FHIS. *See* Stay Brief at 15–16, 22–23; *see also* DRC Supp. Reply at 5–6. The Republic previously stated in filings with Case 1:10–cv–00003–PLF Document 100 Filed 06/11/12 Page 7 of 12 the Court that an application for setting aside or suspension of the award had been filed in Honduras. *See, e.g.,* Respondent's Mot. to Stay at 15, May 14, 2010 [Dkt. No. 11] ("Under the Conventions, a district court may be acting improvidently by enforcing an award prior to the completion of the foreign proceedings where a parallel action to set aside or modify an award is proceeding

in a country of primary jurisdiction, *like the prior Honduras action in the case at bar.*") (quotations omitted) (emphasis added); Respondent's Prelim. Resp. to Pet. to Confirm Arbitration Award at 25, May 14, 2010 [Dkt. No. 13] ("The Court should refuse to confirm the Arbitration Award pursuant to ... Article 6 because *an application for the setting aside or suspension of the award has been made to a competent authority.*") (emphasis added); Reply in Support of Respondent's Mot. to Stay at 3, July 27, 2010 [Dkt. No. 33] ("A district court may be acting improvidently by enforcing an award prior to the completion of the foreign proceedings where a parallel action to set aside or modify an award is proceeding in a country of primary jurisdiction, *like the prior Honduras action.*") (quotations omitted) (emphasis added); *see also* Stay Brief at 23 n.57. Those statements are inaccurate and misleading.

Despite its earlier inaccurate and misleading statements to the contrary, the Republic itself now appears to admit that neither it nor FHIS filed any such action to set aside or modify the arbitration award in Honduras. *See* Stay Opp. at 8. Rather, the Republic contends that "FHIS is requesting refusal of recognition and enforcement of the award in the Honduran action." *Id.*; *see id.* at 17 ("*There is ... no need for FHIS to move to vacate the award in Honduras,* because non-recognition and non-enforcement of the award accomplishes exactly the same thing.") (emphasis added); *see also* Republic Supp. Opp. at 3 (stating only that FHIS "filed an opposition to DRC's application" for recognition and enforcement of the arbitration award).

██ A request for refusal of recognition and enforcement of an arbitration award plainly is different from a request to annul or suspend an arbitration award.

*See TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 935–37 (D.C.Cir.2007). The former can be done in any jurisdiction in which the award is attempted to be enforced, but an action to annul or suspend an award must be filed in the seat of arbitration and must comply with the procedural laws of the seat of arbitration. *See id.* at 937. And only a decision to annul or suspend an award can have a preclusive effect on a district court's disposition of a petition to enforce an award under the FAA and the Inter–American or New York Convention. *See id.* at 936 ("[A]n arbitration award does not exist to be enforced in other Contracting States if it has been lawfully 'set aside' by a competent authority in the State in which the award was made."); *see also BSDL*, 668 F.3d at 730 (citing *Karaha Bodas Co. L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 367–68 (5th Cir.2003)); *Republic of Argentina v. BG Group PLC*, 764 F.Supp.2d 21, 27 n. 4 (D.D.C.2011), *reversed on other grounds*, 665 F.3d 1363, 1366 (D.C.Cir. 2012).

As DRC describes it:

Under Honduran law, an arbitral award becomes final and binding either immediately or within ten days thereafter if one of the parties has sought correction, clarification or supplementation within the three-day deadline to do so. A motion to vacate the award must be filed within seven (7) days after the award is rendered or after a decision has been issued correcting, clarifying or supplementing the award. *It is undisputed that FHIS never sought to correct, clarify or supplement the Award nor did it file a motion to vacate the award. The Award, therefore, became final, binding, and non-appealable under Honduran Law as of September 15, 2009 ....* Since that date, the Award could not be

set aside, annulled or vacated in Honduran courts.

Stay Brief at 15 (internal footnotes and citations omitted) (emphasis added); *see also* Stay Brief, Ex. 28, HONDURAN LAW OF CONCILIATION AND ARBITRATION ART. 73 ("A motion to vacate the arbitration award may only be filed within seven (7) days following the notice of the decision or order whereby the award is clarified, corrected, or supplemented."); *id.* ART. 75 ("The court of appeals or the arbitration tribunal shall categorically deny a motion to vacate when it is clear that it was untimely filed[.]"). The Republic has not contested DRC's description.

It is undisputed that the arbitration award was rendered on September 8, 2009. *See DRC, Inc. v. Republic of Honduras*, 774 F.Supp.2d at 70; *see also* Petition for Confirmation of Foreign Arbitration Award, Ex. E at 2 [Dkt. No. 1–3]. The Republic's own declarants have acknowledged that it was not until February 19, 2010—over five months after the award was rendered and therefore well past the deadline under Honduran law to file a motion to vacate—that "FHIS filed an opposition to the application of DRC [for recognition and enforcement of the award] and requested that recognition and enforcement of the arbitral award be refused." Respondent's Mot. to Stay, Declaration of Engineer Juan Jose Urquiza ("Urquiza Decl.") ¶ 13, May 12, 2010 [Dkt. No. 11–14]; *see also* Urquiza Decl., Attachment 4, FHIS Opposition Before Honduran Supreme Court of Justice at 15, Feb. 19, 2010. Consequently, as the court of appeals made clear in *BSDL,* because neither the Republic nor FHIS filed an application for the setting aside or suspension of the arbitration award in Honduras, this Court has no authority to postpone enforcement of the award under Article VI of the Inter–American Convention. *See BSDL,* 668 F.3d at 733.

## B. Inherent Authority in the Interest of Judicial Economy

Applying the framework set forth by the Supreme Court in *Landis v. North American Co.,* the Court concludes that the March 28, 2011 stay is indefinite in length, and that the Republic has failed to satisfy its burden of proving that the stay is justified by any pressing need.

 The court of appeals in *BSDL* held that a district court abuses its discretion when it invokes its inherent authority to enter a stay of indefinite duration in the absence of a pressing need. *See BSDL,* 668 F.3d at 731–32 (citing *Landis v. North Am. Co.,* 299 U.S. at 255, 57 S.Ct. 163). In *BSDL,* the district court granted a motion to stay a petition to confirm an arbitration award "pending resolution of the parties' case before the Belize Supreme Court," *id.* at 729, and the court of appeals concluded that such a stay "as issued is sufficiently indefinite to require a finding of pressing need under *Landis.*" *Id.* at 732. The stay in this case is essentially identical to the one issued in *BSDL.* Here, the Court stayed this case "in light of the pendency of the prior, parallel action currently before the Honduran Supreme Court, *DRC, Inc. v. Fondo Hondureño de Inversión Social,* Case No. 301–2009." *DRC, Inc. v. Republic of Honduras,* 774 F.Supp.2d at 73. While the Court also required the parties to file status reports every 60 days and to advise the Court of any information that would warrant lifting the stay, *see* Order at 1, Mar. 28, 2011, under *BSDL* the stay is effectively indefinite.

 "[A] district court's issuance of an indefinite stay order must be supported by 'a balanced finding that such need overrides the injury to the party being stayed.'" *BSDL,* 668 F.3d at 732 (quoting *Dellinger v. Mitchell,* 442 F.2d at 787).

The burden is on the movant—here, the Republic—to "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [it] prays will work damage to some one else." *Landis v. North Am. Co.*, 299 U.S. at 255, 57 S.Ct. 163. The Court carefully has considered the concerns of the Republic and DRC, *see* Stay Opp. at 23; DRC Supp. Brief at 16–20; Republic Supp. Brief at 10, and concludes that the Republic has failed to satisfy its burden of proving that a stay is justified by any pressing need that outweighs the hardship on DRC.

## III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that DRC's motion to lift the stay or, in the alternative, to order the Republic of Honduras to provide security [Dkt. No. 72] is GRANTED in part and DENIED as moot in part; it is

FURTHER ORDERED that DRC's motion to lift the stay in this case is GRANTED; it is

FURTHER ORDERED that the Court's March 28, 2011 Order imposing a stay of this case in its entirety [Dkt. No. 67] is VACATED; it is

FURTHER ORDERED that DRC's alternative request that the Court order the Republic of Honduras to provide security is DENIED as moot; it is

FURTHER ORDERED that DRC's request for oral argument is DENIED; and it is

FURTHER ORDERED that, in its motion papers, DRC states that it believes "the Court might benefit from supplemental briefing on the narrow question of whether the Award against FHIS can be enforced against the Republic." Stay Reply at 14 n.35. And in its supplemental briefing, DRC requests that, "when the stay is lifted, the Court permit the parties to submit supplemental briefing on DRC's entitlement to and the amount of prejudgment interest that should be included in any Court order confirming the Award." DRC Supp. Reply at 10. The Court finds that supplemental briefing on the two issues raised by DRC would be helpful. Therefore, by June 22, 2012, the parties shall meet and confer and shall file a joint report with the Court setting forth a proposed briefing schedule on these two supplemental briefing topics.

SO ORDERED.